UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JAMES LANIER JONES,

        Plaintiff,

        v.                                        Case No. 07-CV-369

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT, and
NANNETTE HEGERTY,

        Defendants.

_____

## ORDER

On April 20, 2007, pro se plaintiff James Lanier Jones ("Jones") filed a complaint alleging that City of Milwaukee police officers discriminated against him on the basis of race and disability when they refused to accept a complaint filed by him. In an order dated April 25, 2007, the court reviewed Jones's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court dismissed Jones's claims against the Milwaukee Police Department and Nannette Hegerty, but permitted Jones to proceed on his municipal liability claim against the City of Milwaukee. On June 19, 2007, the defendants filed a motion to dismiss Jones's complaint. In an order dated October 19, 2007, the court denied the motion to dismiss, concluding that Jones's complaint states an arguable § 1983 municipal liability claim that a municipal policymaker for the City of Milwaukee withheld police protection from him in violation of his equal protection rights guaranteed by the Fourteenth Amendment.

In an order dated November 2, 2007, the court directed the parties to confer and submit by December 7, 2007, a written report and proposed scheduling order pursuant to Rule 26(f). Pursuant to that order, the defendants filed a proposed scheduling order on December 18, 2007. According to a letter submitted with the defendants' proposed scheduling order, counsel for the defendants attempted to confer with Jones, however, Jones could not be reached by telephone. When trying to contact Jones by telephone, counsel for the defendants received a message indicating that the "subscriber is not available." (Dec. 14, 2007 Letter from Defs.' Counsel.) Jones did not file a written report and proposed scheduling order as required by the order dated November 2, 2007.

Pursuant to Civil Local Rule 41.3, the court may enter an order of dismissal with or without prejudice whenever it appears that the plaintiff is not diligently prosecuting the action. *See* Civil L.R. 41.3. In an order dated August 2, 2007, the court *sua sponte* granted Jones an extension of time to file a response to the defendants' motion to dismiss. While the court acknowledges that Jones is proceeding pro se, even pro se litigants must follow procedural rules and the court has discretion to enforce those rules. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Given that Jones did not confer with the defendants pursuant to the court order dated November 2, 2007, Jones did not file a separate proposed scheduling order, and Jones has already required one extension of time, the court concludes that Jones is not diligently prosecuting his case. Accordingly, the court

will dismiss this action with prejudice pursuant to Civil Local Rule 41.3. Any affected party can petition for reinstatement of this action within 20 days from the date of this order and only upon compliance with the court's previous orders.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice pursuant to Civil Local Rule 41.3.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge