# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JAMES LANIER JONES,

            Plaintiff,

    v.                                   Case No. 07-CV-369

CITY OF MILWAUKEE,

            Defendant.

_____

## ORDER

On April 20, 2007, *pro se* plaintiff James Lanier Jones ("Jones"), filed a complaint, pursuant to 42 U.S.C. § 1983, against the City of Milwaukee ("the City"), the Milwaukee Police Department ("MPD") and MPD police officer Nannette Hegerty. Jones alleges that defendants violated the Equal Protection Clause of the Fourteenth Amendment when they refused to accept and investigate Jones's complaint that he had been attacked at a bus stop. In an order dated April 25, 2007, the court reviewed Jones's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The court dismissed Jones's claims against the MPD and Officer Hegerty, but permitted Jones to proceed on his claim against the City. (See Order, April 25, 2007, 4-6). The City now moves for summary judgment.

## BACKGROUND

On December 10, 2006, Jones alleges that someone attacked him at a bus stop on the corner of North 27th Street and Vliet Avenue in Milwaukee, Wisconsin. (Complaint, April 20, 2007). On December 22, 2006, Jones went to the MPD's

district three police station to report the attack to police. (Defendant's Proposed Findings of Fact ("DPFF") ¶ 4, Docket #31).

Neither party has provided the court with an precise account of what occurred next. What is clear is that Jones quickly became dissatisfied with officers at the district three station. Jones filled out a complaint against MPD sergeant Louis Stanton, alleging Stanton would not investigate Jones's alleged attack. (DPFF ¶ 4). Captain James Harpole, who was in charge of the district three station at the time, attempted to speak with Jones. (DPFF ¶¶ 1, 4-5). According to Harpole, Jones became hostile, and stated that he wanted officers to immediately make a report on the December 10th attack incident and provide it to him. (DPFF ¶ 6, 8-9). Harpole told Jones that a police report would not be made until officers had a chance to investigate the incident. (DPFF ¶ 10). Harpole then claims that, despite perceiving Jones to be mentally imbalanced, he instructed officer Ryan DeWitt to handle the investigation. (DPFF ¶¶ 7, 12-13). However, when DeWitt began to question Jones on the details of his attack, Harpole claims that Jones "became irate" and refused to answer any questions. (DPFF ¶ 15).

According to Harpole, Jones then alleged that Harpole was refusing to help him and Jones added Harpole's name to his earlier complaint against Stanton. (DPFF ¶¶ 16-18). Eventually, Jones stormed out of the police station. (DPFF ¶ 20) Harpole claims that Jones never provided sufficient information for police to properly investigate Jones's alleged attack. (DPFF ¶ 23).

-2-

In his complaint, Jones offers a completely different story. Jones alleges that both Stanton and Harpole refused to file a report on the December 10th incident. According to Jones, Stanton and Harpole told Jones that he was mentally ill.

## ANALYSIS

To prevail on a motion for summary judgment, the moving party must establish that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those facts that "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 256-57. A party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial, and may not rely on allegations or denials in the opposing party's pleadings. Fed.R.Civ.P. 56(e). In conducting its review, the court views all facts and draws all reasonable inferences in favor of the nonmoving party. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006).

In its motion, the City argues that it is entitled to summary judgment for two reasons. First, it asserts that Jones has failed to establish that his equal protection rights were violated because he has not shown that he was treated differently from

Case 2:07-cv-00369-JPS    Filed 01/23/09    Page 3 of 7    Document 41

any other individual seeking to report a crime. Second, the City asserts that even if Jones could establish a constitutional violation, Jones has not shown that a municipal policy or practice caused that violation. The court addresses each of these grounds in turn.

To establish a violation of the Equal Protection Clause, a plaintiff must first show that the defendant treated him or her differently from similarly situated persons because of his or her membership in a protected class of individuals. *See Schroeder v. Hamilton Sch. Dist.*, 282 F.3d 946, 950-51 (7th Cir. 2002) (citations omitted). A plaintiff must also show that this discrimination was intentional or purposeful. *Id.* at 951. Here, the court finds that Jones has failed to show either of these elements. Jones alleges that he was treated differently by the MPD because of his race and because of his mental deficiencies. While it is true that a municipality may not "selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause," *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 197 n.3 (1989) (citing *Yick Wo v. Hopkins*, 118 U.S. 356 (1886)), Jones has not demonstrated any such denial of services based on either Jones's race or his mental capacity.

In opposing defendant's motion, Jones presented no specific facts other than the allegations in his complaint that officers Stanton and Harpole refused to help him because they told him he was mentally ill. Instead, Jones states that he cannot believe that the City could refuse law enforcement services to someone based on mental illness. At the summary judgment stage, bare allegations are insufficient to

-4-

raise a genuine issue of material fact. *See* Fed.R.Civ.P. 56(e); *Geschke v. Air Force Ass'n*, 425 F.3d 337, 342 (7th Cir. 2005). While the court construes Jones's pleadings liberally, Jones must follow the Federal Rules of Civil Procedure like any other litigant. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citations omitted). Moreover, because Jones has not responded to the City's proposed findings of fact, under Civil L.R. 56.2(e), the court must conclude that no genuine issues exist as to those facts. The City's proposed facts establish that the officers of MPD's district three station did not treat Jones differently than any other person who might seek to report a possible crime. According to Officer Harpole, officers attempted to get information from Jones about his alleged December 10th attack despite Jones's hostile attitude. Jones then left the police station before officers could gather sufficient information to investigate the matter. Even in a light most favorable to Jones, the court is unable to conclude that a reasonable jury could conclude that Jones was treated differently from any other similarly situated person, let alone that any possible disparate treatment was because of Jones's race or mental capacity. Because Jones has not presented sufficient evidence to show that his equal protection rights were violated, the court is obliged to grant the City's motion and dismiss this action.

The court is also compelled to dismiss this action because Jones has failed to show the City is liable for the alleged unconstitutional actions of officers at the district three station. To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must show a municipal policy or custom caused a deprivation of the plaintiff's

constitutional rights.  *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978).  A discriminatory policy or custom may be shown by one of the following:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Roach v. City of Evansville*, 111 F.3d 544, 548 (7th Cir. 1997) (quoting *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)).  Because a municipality may not be held vicariously liable under § 1983, a plaintiff must show that the municipality's policy or practice itself was the "moving force behind the constitutional violation," rather than the independent misconduct of its employees.  *See Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008) (citations omitted).

As the court noted in its October 19, 2007 order, the only basis for municipal liability in this case is the possibility that one of the MPD officers, with whom Jones met at the district three station, was a person with final policymaking authority. (Order, October 19, 2007 5-6, Docket #15).  Jones has failed to demonstrate that any MPD officer at the district three station held such authority.  Captain Harpole stated that policymaking authority in the MPD rests solely with the chief of the department, subject to review by the City's Fire and Police Commission.  (DPFF ¶ 2). As the officer in charge of the district three station, a jury could infer that Harpole may have had authority to *implement* police policies for citizens reporting crimes.

-6-

However, Jones has presented no evidence demonstrating Harpole had authority to *set* any policies; showing Harpole had such authority would be required for liability to accrue to the City in this case. *See Argyropoulos v. City of Alton*, 539 F.3d 724, 740 (7th Cir. 2008) (distinguishing between police officers having authority to set policies and those tasked with implementing pre-existing policies). As a result, the court finds that Jones has failed to present sufficient evidence to show a constitutional violation, and has failed to establish that the City of Milwaukee is liable under 42 U.S.C. § 1983 for the conduct of its officers in this case.

Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment (Docket #28) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiff's complaint be and the same is hereby **DISMISSED** with prejudice;

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge